**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**JEAN TOBORG,**

                  **Plaintiff,**              **1:11-cv-150**
              **v.**                            **(GLS/RFT)**

**UNITED STATES OF AMERICA,**

                  **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Zwiebel, Fairbanks Law Firm | ALAN S. ZWIEBEL, ESQ. |
| Kingston Office | JONATHAN FAIRBANKS, ESQ. |
| 72 Maiden Lane | |
| P.O. Box 3907 | |
| Kingston, NY 12402 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | DIANE CAGINO |
| United States Attorney | Assistant United States Attorney |
| Office of the United States Attorney | |
| 445 Broadway | |
| 218 James T. Foley U.S. Courthouse | |
| Albany, NY 12207-2924 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Jean Toborg, individually and as administratrix of the estate of William Toborg, commenced this action pursuant to the Federal Tort

Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. (*See* Compl., Dkt. No. 1.) Pending is defendant United States of America's motion for summary judgment.[1] (*See* Dkt. No. 12.) For the reasons that follow, the motion is granted to the extent that it seeks sanctions for failure to comply with the discovery order.

## II. Background[2]

Toborg commenced this wrongful death action as a result of alleged "neglect and negligent treatment" received by her now deceased husband William Toborg while at the Stratton VA Medical Center. (Def.'s Statement of Material Facts (SMF) ¶¶ 1, 4, Dkt. No. 12, Attach. 2.) According to Toborg, her husband suffered various injuries, including a fractured hip and decubitus ulcers, while he was a patient at the VA. (*See id.* ¶¶ 2-3.) These injuries, which Toborg avers resulted from the government's "carelessness and negligence," ultimately led to her husband's death on February 24, 2009. (*Id.* ¶¶ 3-4.)

A Rule 16 conference was conducted by Magistrate Judge Randolph

---

[1] Pursuant to 28 U.S.C. § 1346(b)(1), the government is the proper defendant for actions under the FTCA.

[2] The facts are undisputed unless otherwise noted. Because adjudication of the instant motion is largely procedural, only a summary of the factual background is necessary.

2

F. Treece on June 16, 2011, wherein he set certain discovery deadlines, including Toborg's Expert Disclosure deadline of January 2, 2012. (*See id.* ¶ 6.) On August 9, 2011, the government forwarded Interrogatories and a Notice to Produce to Toborg by mail. (*See id.* ¶ 7.) Toborg "never responded in any fashion whatsoever" to the discovery demands. (*Id.* ¶ 8.) In fact, Toborg also failed to respond to the government's three subsequent letters of October, November and December 2011, each of which reiterated this demand. (*See id.* ¶¶ 9-12, 14.) Although the government provided its expert report in February 2012, as of March 30, 2012—the date discovery closed in this case—Toborg had yet to respond to any of the government's letters, produce any documents in response to the discovery demands, or file her expert disclosure. (*See id.* ¶¶ 14-15.)

In the absence of any expert evidence, the government filed a motion for summary judgment on May 4, 2012. (*See id.* ¶ 16; Dkt. No. 12.) Toborg sought an extension of time to respond to the motion, which was granted by Judge Treece on May 14, 2012. (*See* Dkt. Nos. 13, 14.) On May 30, 2012, Toborg filed a response to the motion, in which her counsel avers that since May 4, 2012, he fulfilled all outstanding discovery obligations. (*See* Dkt. No. 15 at 1-2.)

3

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011).

### IV. Discussion

The government argues that Toborg should be precluded from offering expert medical testimony because she failed to disclose her experts in accordance with Fed. R. Civ. P. 26(a)(2). (*See* Dkt. No. 12, Attach. 1 at 5-9.) It further asserts that without expert testimony, Toborg cannot prove a prima facie case of medical malpractice under New York law, and thus, her Complaint should be dismissed. (*See id.*) In response, Toborg's counsel, Jonathan Fairbanks, admits that he *alone* was responsible for failing to comply with the discovery schedule, (*see* Dkt. No. 16, Attach. 1 ¶¶ 4, 6); he nonetheless seeks an *ex post facto* modification of that schedule to accommodate his untimely submissions, (*see id.* ¶¶ 11-12.) Construing the government's motion as one for sanctions, the court first addresses the requested scheduling modification, and then, the appropriateness of sanctions.

4

## A.     The Discovery Schedule

It is well-settled that the court, in its discretion, may modify the discovery schedule "for good cause." Fed. R. Civ. P. 16(b)(4). "Good cause," however, is a far more demanding standard than mere "excusable neglect." *Whitesell v. N.Y. State Marine Highway Transp., LLC.*, No. 09-cv-656, 2010 WL 4363569, at *2 (N.D.N.Y. Oct. 27, 2010) (internal quotation marks and citation omitted). Rather, to establish "good cause," the party seeking the modification must "show that the deadlines [could not] reasonably be met despite [its] *diligence*." *Robinson v. Town of Colonie*, No. 91-CV-1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993) (internal quotations marks and citation omitted) (emphasis added); *see also Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 448 (W.D.N.Y. 1997) (finding that counsel's "'inadvertence' or oversight is not good cause for purposes of Rule [16(b)]").

Here, "diligence" on the part of Toborg's counsel is precisely what was lacking. Notwithstanding the government's four separate discovery requests, neither the government—nor the court—received any communication, of any kind, from Fairbanks, or anyone at his firm, until May 4, 2012, the date the government filed its motion for summary

5

judgment. Though he has since fulfilled his client's initial discovery obligations,[3] Fairbanks' affidavit is silent on the steps he took to comply with the discovery schedule, and/or further this case prior to receiving the government's motion. (*See generally* Dkt. No. 16, Attach. 1.) While Fairbanks' personal circumstances are unfortunate, (*see* Dkt. No. 16, Attach. 1 ¶¶ 7-10), his conduct here is part-in-parcel to a well-known pattern of behavior recognized in the professional and judicial community.[4]

As it is clear that Fairbanks is not entitled to a modification of the discovery schedule, the court now must consider whether one is nonetheless appropriate on the basis of the record as a whole. In so doing, the court is mindful of the fact it was Fairbanks—not his client—who disregarded the discovery order. And moreover, if the court were to dismiss Toborg's Complaint, it would be only she who suffers the consequences of her attorney's shortcomings. Thus, while the government's argument for dismissal is well-stated, outright

---

[3] The precise date that Fairbanks provided the government with his client's discovery responses and expert disclosures is unclear from the record. Even if the responses were submitted on May 4, 2012, that date is still over one month after discovery closed, and roughly four months after Toborg's expert disclosures were due.

[4] The court is aware that this is not the first time that Fairbanks has used his personal circumstances to excuse similar behavior.

6

dismissal—either directly under Fed. R. Civ. P. 41, or indirectly by precluding her expert testimony—is too harsh a sanction in this case. That being said, a sanction is still warranted.

## B. The Appropriate Sanction

Among other sanctions, Federal Rule of Civil Procedure 37(b)(2)(C) provides for the payment of expenses, including attorneys' fees, by a party who fails to comply with a discovery order, "the attorney advising that party, or both . . . unless the failure was substantially justified or other circumstances make an award of expenses unjust." Similarly, subsection (c)(1)(A) permits the same, where a party has not disclosed a witness in accordance with Rule 26(a). *See* Fed. R. Civ. P. 37(c)(1)(A). Having reviewed the parties' submissions, and the underlying record, it is clear that the government has, or soon will, suffer pecuniary harm as a result of Fairbanks' disregard for the discovery schedule. Accordingly, it should be Fairbanks, and he alone, who reimburses the government for the expenses it incurs as a result of his conduct.

To this end, the government is directed to submit an affidavit outlining the following: (1) expenses it has incurred to date as a result of Fairbanks' violation of the discovery order; (2) any outstanding discovery requests; (3)

7

a proposal for any additional discovery the government needs in light of Toborg's submissions, and the cost therefor; and (4), an amended discovery schedule, which expeditiously furthers this litigation. The government's affidavit shall be submitted to Judge Treece within fourteen (14) days of the date of this Memorandum-Decision and Order. Should she so choose, Toborg may file a response, no later than seven (7) days thereafter, articulating her position on the timely completion of discovery and/or the imposition of the sanctions on her counsel discussed above. *See* Fed. R. Civ. P. 37(c)(1). After reviewing the government's request(s), Judge Treece shall amend the discovery schedule as he deems appropriate, and forward, to this court, a recommendation on the costs that should be imposed on Fairbanks for his violation of the discovery order.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the government's motion for summary judgment (Dkt. No. 12) is **GRANTED** to the extent that it seeks sanctions for failure to comply with the discovery order; and it is further

**ORDERED** that the government's motion for summary judgment (Dkt. No. 12) is **DENIED** in all other respects; and it is further

8

**ORDERED** that the government shall, within fourteen (14) days of the date of this Memorandum-Decision and Order, submit an affidavit outlining the following: (1) expenses it has incurred to date as a result of Fairbanks' violation of the discovery order; (2) any outstanding discovery requests; (3) a proposal for any additional discovery the government needs in light of Toborg's submissions, and the cost therefor; and (4), an amended discovery schedule, which expeditiously furthers this litigation; and it is further

**ORDERED** that Toborg may, if she so chooses, file a response, no later than seven (7) days after the government files its affidavit, articulating her position on the timely completion of discovery and/or the imposition of the sanctions on her counsel; and it is further

**ORDERED** that after reviewing the government's request(s), Judge Treece shall amend the discovery schedule as he deems appropriate, and forward, to this court, a recommendation on the costs to be imposed on Fairbanks for his violation of the discovery order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 23, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

10