**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JEAN TOBORG, *As Administratrix of the Estate of* WILLIAM TOBORG, *deceased*, and JEAN TOBORG, *Individually*,

                    Plaintiff,

- v -                                 Civ. No. 1:11-CV-150 (GLS/RFT)

UNITED STATES OF AMERICA,

                      Defendant.

**APPEARANCES:**               **OF COUNSEL:**

ZWIEBEL, FAIRBANKS LAW FIRM      JONATHAN FAIRBANKS, ESQ.
*Attorney for the Plaintiff*
Kingston Office
72 Maiden Lane
P.O. Box 3907
Kingston, New York 12402

HON. RICHARD S. HARTUNIAN        DIANE CAGINO
United States Attorney                     Assistant United States Attorney
*Attorney for the Defendant*
Office of the United States Attorney
445 Broadway
Albany, New York 12207

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On May 4, 2012, the United States of America (hereinafter "the Government") filed a Motion for Summary Judgment, pursuant to Federal Rules of Civil Procedure 56 and 41(b), seeking a dismissal of the Complaint. Dkt. No. 12. Dismissal of the

Complaint was sought because Toborg failed to (1) comply with the Pretrial Scheduling Order, (2) respond to discovery demands, (3) serve any discovery demands, and (4) timely serve an expert report. Dkt. No. 12-1, Def.'s Mem. of Law, dated May 4, 2012, at pp. 6-8 & 11-13. In failing to provide a timely expert report pursuant to FED. R. CIV. P. 26(a)(2), the Government contented that Toborg should be precluded from presenting a medical expert as would be necessary to support a medical malpractice case, and by virtue of that preclusion, this action should be dismissed. *Id*. at p. 13. Toborg's Counsel opposed the Motion, arguing that Toborg should not be punished because of Counsel's office failures and further attaching Toborg's belated Responses to the Government's Discovery Demands, accompanied by the corresponding documents. Dkt. Nos. 15, Pl.'s Opp'n, dated May 29, 2012 & 16, Pl.'s Mem. of Law, dated May 30, 2012. Additionally, Toborg sought a modification of the Pretrial Scheduling Order in order to engage in discovery. *Id*. The Government replied to Toborg's Opposition. Dkt. No. 17.

On August 23, 2012, the Honorable Gary L. Sharpe, United States District Chief Judge, issued a Memorandum-Decision and Order granting the Government's Motion for Summary Judgment to the extent that it sought sanctions for failure to comply with the scheduling and discovery order, and denying the Motion as to all

other respects. Dkt. No. 18.[1]

First, after discussing the basis upon which a discovery schedule may be modified, and whether Toborg's Counsel merited entitlement to such a modification, Chief Judge Sharpe ultimately decided that a dismissal, pursuant to FED. R. CIV. P. 41, or preclusion of Toborg's expert testimony, was "too harsh a sanction." *Id*. at pp. 6-7. Yet, Chief Judge Sharpe found that a sanction was "still warranted. *Id*. at p. 7. Accordingly, Chief Judge Sharpe directed that this Court, upon receiving the Government's further submissions, shall amend the Pretrial Scheduling Order as deemed appropriate under the circumstances. *Id*. at p. 8.

Next, turning to FED. R. CIV. P. 37(b)(2)(C) and (c)(1)(A), Chief Judge Sharpe noted that a possible sanction of the payment of expenses, including attorney's fees, may be imposed upon a party or the attorney advising the party, or both, for failure to comply with a discovery order unless the failure was substantially justified. *Id*. at p. 7. Finding that the Government would suffer pecuniary harm as a result of Toborg's Counsel's "disregard for the discovery schedule," and implicitly determining that there was no substantial justification for Counsel's failure, Chief Judge Sharpe pronounced that "it should be [Toborg's Counsel], and he alone, who reimburses the

---

[1] Chief Judge Sharpe construed the Government's Motion as one for sanctions. Dkt. No. 18, Mem.-Dec. & Order, dated Aug. 23, 2012, at p. 4.

[G]overnment for the expenses it incur[ed] as a result of his conduct." *Id.* To that end, the Government was directed to submit to this Court an affidavit outlining expenses incurred as a result of Counsel's violation of the Discovery Order, what discovery remained outstanding, and what additional discovery may be needed in light of Toborg's belated submissions, and the related cost. *Id.* at pp. 7-8. Chief Judge Sharpe instructed that after this Court reviews the parties' submission to recommend an appropriate sanction.

Pursuant to the Memorandum-Decision and Order, the Government promptly filed a sworn statement outlining what expenses were incurred in preparing the Motion for Summary Judgment as well as the estimated cost of additional discovery; those cost were essentially confined to Toborg's expert reports. Dkt. No. 21, AUSA Diane Cagino Decl., dated Sept. 12, 2012. Toborg's Counsel opposes said proposed costs and expenses as being excessive, asserts that the Government's characterization of additional discovery is a misnomer in that it would have reviewed the reports "regardless of when Plaintiff's report was filed," and lastly, complains that the Government is using the tardiness of discovery as "an excuse to shift all costs to Plaintiff's Counsel." Dkt. No. 22, Jonathan Fairbanks, Esq., Aff., dated Sept. 18, 2012, at ¶¶ 3-7. Additionally, further arguments were heard during a telephonic conference held on October 17, 2012, albeit not on the record.

Where attorneys' fees are contemplated as a basis for sanctions, its essential core is fee-shifting and the lodestar method provides the most reasonable result. The lodestar method means the sum of hours worked, or projected to ensue, multiplied by a reasonable hourly rate. *Perdue v. Kenny A Ex rel. Winn*, 130 S.Ct. 1662, 1672 (2010); *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (providing that the number of hours and hourly rate are used to generate the lodestar figure). That reasonable hourly rate is generally guided by the prevailing hourly rate within the relevant community. *Perdue*, 130 S.Ct. at 1672 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). With this as our guidepost for determining the cost to be imposed on Toborg's Counsel for his violation of the Pretrial Scheduling Order, the Court will approach the Government's proposals *seriatim*.

First, the Court addresses the cost for preparing the Motion for Summary Judgment and the Government's Reply to Toborg's Opposition to the Motion. The imposition of this cost is assumed considering that Chief Judge Sharpe directed the Government to outline those expenses it incurred to date as a result of Counsel's misfeasance. Dkt. No. 18, Mem.-Dec. & Order at p. 7. Here, the Government estimated that its Counsel, Assistant United States Attorney (AUSA) Cagino, incurred twenty-four (24) hours of preparatory time at an hourly rate of $172.00 for a total of $4,128.00, as well as six (6) hours of assistance from her paralegal at an hourly rate

of $38.56, which would total $231.36. Dkt. No. 21 at ¶ 3. The total proposed cost for prosecuting the Motion is $4,359.36. Thirty (30) hours to prepare the Motion appears excessive to Toborg's Counsel, and yet he does not suggest what would be a reasonable number of hours to be expended in preparing and prosecuting such a motion, and thus leaves the determination to the good graces of this Court. Dkt. No. 22 at ¶ 8. The number of hours the Government estimated it incurred in pursuing the Motion is quite reasonable. It would be foreseeable that a party pursuing such a motion, encompassing researching the relative law, drafting a memorandum of law, and reviewing the opposing papers, conducting further research, and drafting yet another memorandum of law would expend approximately twenty (24) hours by an attorney and six (6) by a paralegal.

Likewise, an hourly rate for the attorney of $172 and $38.56 is more than reasonable. Historically, at least since 2005, some judges within this District have found the prevailing rate to be $210 per hour for an experienced attorney and $80 for a paralegal. *Bergerson v. New York State office of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011) (surveying this District's cases). However, more recently, several judges, after conducting surveys as to what may constitute a current prevailing rate, have eschewed the historical rate for a higher rate. *Luessenhop v. Clinton County N.Y.*, 558 F. Supp. 2d 247, 266-67 (N.D.N.Y. 2008)

(conducting a survey and setting the prevailing rate at $235 an hour); *Martinez v. Thompson*, 2008 WL 5157395, at *14-15 (N.D.N.Y. Dec. 8, 2008) ( conducting a survey and concluding that the prevailing rate is $275 an hour). And, even though this Court has not recently conducted another survey of attorney fees within this community, we highly suspect that the rates have increased significantly over the past four years. With all of that being said, this Court finds that $172 an hour for an attorney of AUSA Cagino's legal capabilities and experience is conspicuously reasonable. Since the Government's proposed rate for its paralegal - $38.56 an hour - is a little more than half the historical rate for paralegals in this community, similarly, this Court finds that rate reasonable. Accordingly, this Court recommends that the total cost urged by the Government for prosecuting the Motion be **granted**.

The Court now turns to the calculation of prospective costs for any additional discovery the Government may need in light of Toborg's recent submissions. Mem-Dec. & Order at p. 8. Because of the burden of proof, the Federal Rules of Civil Procedure and scheduling order anticipate that a plaintiff would disclose first. And, in this instance, the Pretrial Scheduling Order directed Toborg to submit her Expert Disclosure by January 2, 2012. Dkt. No. 10, Pretrial Sch. Order, dated June 17, 2011, at p. 2. Notwithstanding Toborg's Counsel's failure to comply with the Scheduling Order, the Government served its expert disclosure timely on February 10, 2012. Dkt.

No. 12-2, Def.'s Statement of Facts at ¶ 13, & Ex. E (Angela Brooks-Braddock RN report). Toborg did not serve nor file her expert reports until she opposed the Motion, which, contrary to the disclosure policy identified above, is invariably in inverse order. Dkt. Nos. 15-1 & 15-2, Pl.'s Expert Reps. Furthermore, Toborg's expert reports are rather extensive and presumably may cover different medical opinions than those previously considered by the Government. Had the parties followed the Court's directive relative to expert disclosure, the Government would have had ample opportunity to weigh Toborg's medical theories and may have responded accordingly and timely on February 12, 2012. Because of Toborg's belated filing, the Government has been effectively thwarted in its effort to file a fully knowledgeable and comprehensive expert report(s). Ostensibly then, the Government deserves an opportunity to respond to Toborg's belated expert reports. Moreover, probably to the surprise of the Government, Toborg has two experts, a registered nurse and a physician. Presently, the Government has only proffered a registered nurse as its expert. It is reasonable to expect the Government would now retain a physician to review Toborg's doctor's report and conceivably issue an oppositional report. Such cost was not initially contemplated by the Government but is obviously another additional cost the Government would have to bear in dealing with the new revelations in Toborg's recent submissions.

The Government opines that in order for its current registered nurse expert to review her adversary's nurse's expert report and respond with an amended report, its nurse-expert would have to expend another eight (8) hours at an hourly rate of $100.00. Dkt. No. 21 at ¶ 41a. Toborg's Counsel does not challenge this hourly rate as unreasonable but rather disputes the entire concept of fee and cost shifting. This Court finds the Government's proposal reasonable and recommends that the Government be awarded $800 for this additional discovery.

Obviously, the Government has to present Toborg's physician-expert report to a physician for analysis and with the expectation of obtaining an expert report. Here, the Government estimates eight (8) hours at an hourly rate of $400 per hour. Dkt. No. 21 at ¶ 4b. This Court submits that the Government has woefully underestimated the amount of time that a physician would need to review the entire medical record and Toborg's extensive expert reports and then prepare a report, if necessary. Likewise, the Government has fundamentally undervalued the inherent cost in performing these functions; it is this Court's experience that physician-experts can command an hourly rate greater than $400. Yet, the Government insists that it is uncomfortable seeking fees and costs that may appear to be draconian.[2] Honoring the Government's

---

[2] During the telephone conference, AUSA Cagino expressed being ill at ease in even pursuing these sanctions and is not seeking any monies behind what is claimed in her Declaration. In essence, she is waiving any pursuit for any expenses associated with other fact discovery that may
(continued...)

preference, this Court adopts as reasonable eight (8) hours at $400 per hour to retain a physician to study the record of this case and opine on the matter of medical liability. Accordingly, this Court recommends that the sum of $3,200 be granted for a physician-expert.

Lastly, the Government seeks the cost to depose Plaintiff's experts and for the transcripts, estimating these costs to be $3,000. Dkt. No. 21 at ¶ 4c. This Court is persuaded, as an additional sanction, that Toborg's Counsel shall bear the expenses of producing Toborg's experts for depositions as well as the corresponding transcripts. This Court suspects that the cost of producing these experts may exceed $3,000. Rather than accept the Government's proposal, this Court recommends that Toborg's Counsel assume all costs for producing Toborg's experts to be deposed by the Government and the necessary expenses in providing the related transcript.

## CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED** that the Pretrial Scheduling Order, Dkt. No. 10, be amended as follows: (1) joinder of parties and amendment of pleadings deadlines are moot; (2) the discovery deadline is **April 30, 2013**; (3) the final day to file dispositive motions is **June 12, 2013**; (4) the Government shall file a status report on or before **January 31,**

---

²(...continued)
remain outstanding.

**2013**; (5) the parties are opted out the ADR program and this Court will make itself available for any settlement discussion; (6) any and all other provisions of the Pretrial Scheduling Order shall remain in effect; and (7) no further extension requests will be considered; and it is further

**RECOMMENDED**, that Toborg's Counsel, Jonathan Fairbanks, Esq., be sanctioned as follows: (1) that he pay the Government the sum of **$8,359.36** within ninety days of the filing date of a final order from the Chief Judge; and (2) that he personally assume all costs related to the depositions of Toborg's two experts, consistent with recommendations above ; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 19 2012
　　　 Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge